IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| QUINT L. EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 122-079 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff; | ) | |
| D.A. STETSON CROMER; | ) | |
| DANIEL K. FRANCK; | ) | |
| CHARLES SAMUELS, Warden; and, | ) | |
| CHARLES B. WEBSTER DETENTION CENTER, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

**I.   BACKGROUND**

This is Petitioner's fifth habeas petition related to his current detention.  The Court has dismissed his previous four petitions, with the most recent dismissal in January 2022. See Evans v. Roundtree, CV 121-156, doc. nos. 6, 8 (S.D. Ga. Jan. 3, 2022) (hereinafter "CV 121-156"); Evans v. Roundtree, CV 120-061, doc. nos. 8, 9 (S.D. Ga. June 19, 2020) (hereinafter "CV 120-061"); Evans v. Roundtree, CV 119-221, doc. nos. 10, 11 (S.D. Ga. Feb. 14, 2020) (hereinafter "CV 119-221"); Evans v. Roundtree, CV 119-091, doc. nos. 11,

12 (S.D. Ga. Aug. 26, 2019) (hereinafter "CV 119-091").  Because the Court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings, as well as of its own records, the Court quotes liberally from its prior Report and Recommendations in CV 121-156, CV 120-061, CV 119-091, and CV 119-221.[1]  See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).  The Court updates, as necessary, any changes in Petitioner's underlying state proceedings.

According to the instant petition and publicly available records, Petitioner was placed on first offender probation on May 12, 2017, for a charge of cruelty to children in the first degree.  State v. Evans, Case No. 2017RCCR00066 (Richmond Cty. Sup. Ct. May 12, 2017), *available at* https://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "Evans, Quint" last visited July 18, 2022) (hereinafter first offender case, Attach. 1).  On August 24, 2018, a warrant issued in the first offender case based on activity which became the basis for a new indictment dated December 4, 2018.  (Attach. 1.)  The new case charged Petitioner with criminal attempt to commit a felony, aggravated assault, false imprisonment, and three charges of child molestation.  State v. Evans, Case No. 2018RCCR01554 (Richmond Cty. Sup. Ct. Dec. 4, 2018), *available at* https://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "Evans, Quint" last visited July 18, 2022) (hereinafter pending case, Attach. 2); (doc. no. 1, p. 1.)  A petition for modification/revocation of probation was filed in the first offender case on February 6, 2019.  (Attach. 1.)  The pending 2018 criminal case, in which Petitioner is represented by Attorney

---

[1]CV 120-061, doc. no. 5 (S.D. Ga. May 22, 2020); CV 119-091, doc. no. 8 (S.D. Ga. Aug. 1, 2019); CV 119-221, doc. no. 5 (S.D. Ga. Jan. 7, 2020).

2

Daniel Franck, appeared on the jury trial calendar twenty-two times, before a trial was held, and a verdict delivered on May 5, 2022. (Attach. 2.) On July 6, 2022, an amended sentencing calendar was filed on the docket. (Id.)

Petitioner filed a *pro se* state habeas corpus petition on May 24, 2019 against Sheriff Roundtree and the Webster Detention Center. Evans v. Roundtree, Case No. 2019RCHM00015 (Richmond Cty. Sup. Ct. May 24, 2019), *available at* https://coc.augustaga.gov (follow "Civil Search" hyperlink; then search "Evans, Quint" last visited July 18, 2022, Attach. 3); (doc. no. 1, p. 3.) An answer was filed on June 24, 2019. (Attach. 3.) The docket reflects Petitioner has moved to dismiss and quash the indictment for his 2018 case, sought appointment of counsel, and has written several letters to the state habeas court. (See id.; doc. no. 1, pp. 16-19.) On July 15, 2021, the state habeas court dismissed the motion to quash the indictment and motion for appointment of counsel. (Attach. 3.)

In his current federal petition, Petitioner raises multiple claims regarding the grand jury proceedings that resulted in his December 4, 2018, indictment. (See doc. no. 1, pp. 16-19.)

## II. DISCUSSION

### A. Petition Under § 2241 Versus § 2254

Similar to Petitioner's most recent petition, CV 121-156, he filed for habeas relief pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. Unlike his prior cases, Petitioner has been tried in the state court, and received a verdict from the jury. However, Petitioner has yet to receive his sentencing hearing and is not yet "in custody pursuant to the *judgment* of a State court." 28 U.S.C. § 2254 (emphasis added). Such a prisoner must file an

application for a writ of habeas corpus under § 2241 alone, and not § 2254. Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003); See Hiteshaw v. Butterfield, 262 F. App'x162, 164 (11th Cir. 2008) (pretrial detainee's habeas petition "should have been treated as a § 2241 petition."); King v. Fla., CV 220-544, 2020 WL 8768394, at *1 (M.D. Fla. Aug. 12, 2020) (recharacterizing pretrial detainee's § 2254 petition as a § 2241 petition.)

### B.     Exhaustion

As with his prior petitions, the instant petition should be dismissed because Petitioner has not exhausted state court remedies.  Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures.  Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citation omitted).  Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies."  Id. (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current

claims in his state court proceedings. Indeed, Petitioner has a pending state habeas corpus petition. (See Attach. 3.) Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning the validity of his indictment. See Henderson v. Hames, 697 S.E.2d 798, 801-03 (Ga. 2010); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Moreover, on March 14, 2020, the Honorable Harold D. Melton, Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to O.C.G.A. § 38-3-61 because of the COVID-19 pandemic. Order *available at* https://gasupreme.us (follow hyperlink for Statewide Judicial Emergency, Original Order, last visited May 22, 2020). That Statewide Judicial Emergency recently ended on June 30, 2021. Id. (follow hyperlink for Statewide Judicial Emergency, Second Extension Order, last visited October 19, 2021). Thus, delay in the 2018 criminal case and 2019 state habeas proceedings is not unusual in light of the emergency declaration and does not warrant disregarding the exhaustion doctrine. Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

### C. Younger Abstention

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution. The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)). There are three exceptions to this rule that warrant federal court intervention: "(1) there is evidence of state proceedings motivated

5

by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Turner, 2012 WL 2003835, at *2 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the Younger doctrine apply to Petitioner's case. Although Petitioner claims he is the victim of bad faith prosecution, he fails to make "substantial allegations" with evidentiary support for his claims. See Younger, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment). Moreover, although Petitioner claims he "has discovered being irreparably injured" because there is not proof a grand jury existed to issue his indictment, (doc. no. 1, p. 5), he has no viable allegation of irreparable injury. See Younger, 401 U.S. at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief). Indeed, Petitioner provides no evidence to support his allegation the 2018 indictment was not properly returned by a duly empaneled grand jury.

Finally, Petitioner's ongoing state prosecution, wherein he is represented by an attorney, and state habeas proceeding provide adequate state forums where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of July, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA